MASSENGALE ADVERTISING AGENCY, PETITIONER, *v.* COMMISSSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6514.   Promulgated May 3, 1928.

*E. Marvin Underwood, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

## OPINION.

TRAMMELL: There is no controversy as to the correctness of the petitioner's net income and the only issue involved in this proceeding is whether the petitioner is entitled to personal service classification for 1919.

Section 200 of the Revenue Act of 1918 defines a personal service corporation to be one—

Whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor: but does not include * * * any corporation 50 per centum or more of whose gross income consists * * * of gains, profits, or income derived from trading as a principal * * *.

The petitioner contends that the facts in its case entitle it to personal service classification and points out that for the year 1918 the Board held that it was entitled to personal service classification on a statement of facts identical in many respects with the facts in this proceeding. *Massengale Advertising Agency*, 2 B. T. A. 26. The respondent, however, contends that petitioner has not clearly and satisfactorily shown that its income was ascribable primarily to the activities of its principal owners or stockholders, and that capital did not play a material part in producing its income.

There is no controversy in regard to the principal stockholders being regularly engaged in the active conduct of the business of the corporation.

We have found that the petitioner did not employ solicitors of advertising, but all business done was through the personal service of the Massengale brothers, and principally through the service of St. Elmo Massengale. The business was secured largely on account of the experience of these two men in the advertising business and their acquaintance with the advertising public and advertising mediums. The petitioner acted as agent for its clients, and the services rendered by it to them were personal in nature. While the petitioner had in its employ an artist and a copy writer the evidence indicates that their services, which consisted of preparing drawings, advertising copy and the like, were only incidental to the major services rendered by the petitioner to its clients. The petitioner was not manufacturing or trading in art or printing work but furnished such services in order that its clients could see what the proposed advertising would look like and also to be sure that the advertising mediums when setting up the advertising would have a proper idea as to how it should appear.

While the petitioner had certain investments as set out in the findings of fact, it was only the United States bonds that produced any income. The interest received by the petitioner from these, however, amounted to only $236.80. In addition to the interest of $236.80, the petitioner reported a gross income of $107,452.97, of which $384.25 represented interest from some undisclosed source. Of the total income, only $621.05, or approximately one-half of 1 per cent was interest from investments. Such a small percentage, is, in our opinion, a negligible factor in the determination of the petitioner's status as a personal service corporation.

Among the deductions reported by the petitioner in its return is that of $5,686.75, representing "interest." It appears, however, that this amount represented discounts passed on to customers rather than interest on borrowed money.

From a consideration of all the evidence, it is our opinion that the petitioner has fairly met all the requirements of the statute, and that it is entitled to personal service classification for 1919.

*Judgment of no deficiency will be entered for the petitioner.*